# SMITH MAZURE, PC

### ATTORNEYS AT LAW

———————●———————

Long Island Office:
(516) 414-7400
(516) 294-7325 Fax

39 Broadway, 29th Floor
New York, New York 10006-3053
(212) 964-7400
Fax (212) 374-1935

New Jersey Office:
(908) 393-7300
Fax (908) 231-1030

*Writer's Direct Dial:* (212) 485-8736
dsohnen@smithmazure.com

*Please Respond to:*
New York, NY

February 27, 2026

**VIA ECF**
District Judge Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Vonlyn Belgrave v. Mahmoud Guled Khadar, GKM Transport LLC, Amazon.com
     Services, LLC, and Amazon.com, Inc.
     Docket No  : 1:24-cv-08122-TAM

Dear Judge Gujarati:

Our office represents defendants, Mahmoud Guled Khadar and GKM Transport LLC in this matter. We are writing in response to the pre-motion conference requests pursuant to Fed. R. Civ. P. 56 of plaintiff, Vonlyn Belgrave and of the Amazon co-defendants. There are several issues in both letters to the Court that we will address below.

Plaintiff is correct in pointing out that there is a video of the accident and it demonstrates that the truck backed up and struck the plaintiff's stopped vehicle. Defendants argue that Mr. Belgrave was following too closely by stopping so close to the rear of the truck making it impossible for the truck driver to see his vehicle before attempting to reverse. When the truck began to back up, plaintiff did not make any apparent attempt to avoid the accident by reversing or moving out of the way. The plaintiff's vehicle stopped behind the truck to within approximately one or less than one car length behind the back of the trailer. In the video truck can be seen changing gears to reverse and then begins a slow reverse. Impact does not occur until four seconds later at 8:39 minute mark. Mr. Belgrave had at least four seconds to reverse or move his vehicle or warn the defendants of his presence, which could not be seen due to his car being far too close to the rear of the truck and in its blind spot. VTL § 1129(a) - Following Too Closely is applicable here and should result in at least a finding of comparative negligence against the plaintiff and/or a question of fact for the jury to determine the issue of liability.

Page 2
February 27, 2026

As for the requested relief to dismiss the failure to wear a seat belt affirmative defense, plaintiff relies only on his own self serving testimony in which he claimed he was wearing a seatbelt. There is no other evidence to confirm this to be true. Similarly, as argued above, the request to dismiss the affirmative defense of comparative negligence fails to address the above arguments that plaintiff stopped his vehicle in the truck's blind spot too close to the rear of the trailer making it impossible for the defendant drive to see the plaintiff's vehicle before he began to reverse his truck. The area where this accident occurred is a full of warehouses with multiple tractor trailers needing to reverse to get into or out of the warehouses. To drive and stop so close to a truck to render the driver unable to see any portion of your vehicle is arguably negligent by the plaintiff and thus this affirmative defense is valid and should not be dismissed.

With regards to Amazons' pre-motion letter request, defendants, Mahmoud Guled Khadar and GKM Transport LLC have no position on the requested relief by the Amazon defendants for a stay of the action pending the decision of the United States Supreme Court FAAA preemption decision in the *Montgomery* action. Similarly Defendants, Mahmoud Guled Khadar and GKM Transport LLC have no position on the request by the Amazon defendants to amend their answer.

Defendants, Mahmoud Guled Khadar and GKM Transport LLC do not dispute the Amazon defendants' argument that there was no employment relationship between Amazon and Mahmoud Guled Khadar.

With regards to the cross-claims of the Amazon defendants, GKM Transport LLC's carrier, Amtrust is currently attempting to resolve the dispute on the tender and cross-claims. We are hopeful to have a resolution of the tender in the next few days. Amturst has confirmed to defense counsel that Amazon is not an additional insured on GKM's insurance policy. To the extent that this is a breach of contract for failure to procure insurance, Amazon's remedies would be limited to recovery of the cost of their own insurance incurred due to the failure to procure insurance. Since Amazon had insurance anyway and would have had the same insurance regardless of whether GKM had procured coverage, they cannot demonstrate any damages on this issue.

The cross-claim for indemnification relies on the terms of the contract. In reviewing the indemnity provision at Article 8 there does not appear to be the required savings clause resulting in the indemnification clause being in violation of the General Obligations Law. Additionally there has been no determination of liability yet, thus the request for indemnification is premature.

Very truly yours,

SMITH MAZURE, P.C.

By: *Daniel Y. Sohnen*

DANIEL Y. SOHNEN

Page 3
February 27, 2026

cc:    Elefterakis, Elefterakis & Panek
       80 Pine Street, 38th Floor
       New York, NY  10005

       Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
       1133 Westchester Avenue
       White Plains, NY  10604

AMT-01161/311